Donna LYNCH et al.,
Plaintiffs-Appellees,

v.

Paul PHILBROOK, Commissioner of the Vermont Department of Social Welfare, Defendant-Appellant.

No. 323, Docket 76–7310.

United States Court of Appeals, Second Circuit.

Argued Dec. 2, 1976.

Decided Feb. 23, 1977.

David H. Greenberg, Asst. Atty. Gen., Montpelier, Vt. (M. Jerome Diamond, Atty. Gen., Montpelier, Vt., of counsel), for defendant-appellant.

Stephen W. Kimbell, Burlington, Vt. (Vermont Legal Aid, Inc., Burlington, Vt., of counsel), for plaintiffs-appellees.

Before MOORE, FEINBERG and GURFEIN, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiff Donna Lynch, with a three-year old son, cashed her Vermont welfare checks including one from the joint federal-state program of Aid to Families with Dependent Children (AFDC), known in Vermont as Aid to Needy Families with Children (ANFC). She discovered at night that most of this money, all she had left, had been stolen from her purse, leaving her with nothing. Plaintiff Gail Huntley, with a two-year old child, used all but $13 of her regular AFDC check to pay part of the first month's rent on a new apartment which she had to find because the water supply failed in her old apartment and also to pay for food and minor necessary expenses. She then was unable to obtain electricity because she did not have the $50 deposit required by the electric utility company. Plaintiff Ruthann Bigelow, with two small children, bought her children a set of bunk beds with the last of her AFDC money and had nothing left. Plaintiff Leland Young's refrigerator broke down beyond repair, and he had no money with which to buy a new one. He has a wife and three children.

In each of these sad cases, the plaintiff applied for an emergency grant for himself and his family under the emergency assistance program (EA), a joint federal-state supplement to AFDC created by Congress in 1968. Pub.L. No. 90–248; 42 U.S.C. §§ 603(a)(5), 606(e). Their applications were denied on the ground that they did not come within the eligibility requirements of Vermont's Social Welfare Regulations.

Plaintiff Lynch filed a civil rights action in the United States District Court for the District of Vermont against Philbrook, the Vermont Commissioner of Social Welfare, under 42 U.S.C. § 1983 with jurisdiction based on 28 U.S.C. § 1343(3). The complaint sought declaratory and injunctive relief on the basis of the following claims: (1) The Vermont regulations governing EA are inconsistent with the federal Social Security Law and therefore invalid under the Supremacy Clause of the Constitution; and (2)

the regulations violate the plaintiff's constitutional rights to equal protection.[1]

■ Judge Albert W. Coffrin, in a careful opinion, held that federal jurisdiction was properly based on 28 U.S.C. § 1343(3), since the constitutional claims were not unsubstantial or wholly without merit under *Hagans v. Lavine,* 415 U.S. 528, 534–39, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). As such, there is pendent jurisdiction to decide the statutory or Supremacy Clause contention,[2] id. at 543, 94 S.Ct. 1372, and this claim should be decided before the constitutional equal protection claim. Id. Judge Coffrin decided the Supremacy Clause contention on the merits and held the Vermont regulations invalid as inconsistent with the federal statute.[3] We agree that there is federal jurisdiction under *Hagans v. Lavine,* supra. We turn, accordingly, to a consideration of the plaintiffs' contentions based on the Supremacy Clause.

■ Since the welfare statutes now rival the Internal Revenue Code in complexity, one interprets them with less than robust confidence. Yet, even with the diffidence that seems appropriate in this field, we believe that the Vermont regulations violate the mandate of the Federal EA provisions, 42 U.S.C. § 606(e), and are therefore invalid. For even though the EA program is only an optional component of AFDC, once Vermont decided to participate in it, it was bound to follow the eligibility conditions established by federal law. See *Townsend v. Swank,* 404 U.S. 282, 286, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971).

■ In implementing its EA program, the State of Vermont has distinguished between needy families with children receiving AFDC and all other needy families with children, and has sharply limited the rights of the former group to obtain EA. Vermont grants EA generally only to those who have received in the 30-day period prior to application "net income . . . below the applicable ANFC [AFDC] payment level." Thus, a family in this class is entitled to EA if it has any "emergency need" and has exhausted all available income resources. A family on AFDC welfare, however, is not so entitled—even though it has the same need and is also without resources—unless it can show that its emergency is due to one of four specified causes.[4] This seems an odd way of carrying

1. The other three plaintiffs were allowed to intervene by the District Court. A motion to certify the action as a class action was denied on the ground that a declaratory judgment would adequately protect the rights of all concerned.

2. There is no independent federal question jurisdiction under 28 U.S.C. § 1331 because of failure to satisfy the jurisdictional amount in controversy.

3. Since this claim was dispositive of the action, there was no need to convene a three-judge court to reach the constitutional claim. *Hagans v. Lavine,* supra, 415 U.S. at 543, 94 S.Ct. 1372.

4. Vermont reaches this result by using the eligibility provisions of its state program of General Assistance to define EA eligibility. Section 2600 of the Vermont Welfare Assistance Manual, which establishes the eligibility conditions for General Assistance and hence EA, states:
B. Except as specifically provided in 2602 (catastrophic situations) General Assistance shall be granted to those applicants who have minor dependents included in their application only if they:

1. Have received during the 30 day period immediately prior to application net income computed pursuant to General Assistance regulations which is below the applicable ANFC payment level except that, applicants for General Assistance who are determined to be age 65 or over, blind or disabled, according to SSI standards, and have income below the ANFC payment level shall be eligible to receive monthly the whole difference between their net income and said ANFC payment level for not more than six consecutive months commencing with the month of an approved application following said determination and shall be ineligible thereafter; and
2. Have not been disqualified for ANFC or Medicaid benefits because of their refusal to comply with a program eligibility requirement; and
3. Actively pursue all potential sources of income, such as: ANFC, Medicaid, Social Security benefits, Veteran's benefits, wages, unemployment or workmen's compensation, support, insurance, etc.; and

out the 1968 congressional mandate of providing "emergency assistance to needy families with children." It is reasonably clear from the legislative history of this 1968 supplement to the traditional AFDC program that Congress "was much concerned with the emergency needs of all children approaching destitution, whether or not they were AFDC eligible . . . ." *Mandley v. Trainor*, 523 F.2d 415, 421 (7th Cir. 1975). This congressional desire to extend emergency benefits to those not on AFDC welfare is understandable. But Vermont has translated that laudable intention into a denial of such benefits for some on AFDC welfare who have the same emergency need. Yet, both the structure of the Act itself and its legislative history show that the EA program was designed to cover, at a minimum, AFDC recipients.

Perhaps the surest indication of this congressional intent is that the enabling legislation for EA is found in 42 U.S.C. § 606, the definitional section for AFDC. And the phrase "needy families with children" in the EA statute is also used to define those

eligible for AFDC. Compare 42 U.S.C. § 606(e) with id. § 602(a). See *Baxter v. Minter*, 378 F.Supp. 1213, 1220 (D.Mass. 1974); *Williams v. Wohlgemuth*, 540 F.2d 163, 167–68 (3d Cir. 1976); *Mandley v. Trainor*, supra, 523 F.2d at 422. The overlap between EA and AFDC is further evidenced by the Senate Report on the EA amendments.[5] Despite this evidence, the Vermont statute negates the legislative purpose by requiring AFDC recipients to show a greater emergency, labelled "catastrophic," than other needy families with children. Finally, we note that two other circuits have invalidated State restrictions limiting EA relief to only a particular category of emergencies, *Williams v. Wohlgemuth*, supra, and *Mandley v. Trainor*, supra. In neither of those cases did the State go as far in narrowing eligibility as Vermont has,[6] and we therefore feel justified in viewing these decisions as strong support for our conclusion here.

We sympathize with the criticism that the "statute and its legislative history offer . . . little guidance" with respect to

---

4. Have an emergency need; and
5. Have exhausted all available income and resources; and
6. Have complied with the employment requirements in 2607.1, if applicable.
Section 2602 provides:
*Catastrophic Situations*
Eligibility criteria in section 2600 shall not be applied to any applicant who has exhausted all available income and resources and who has an emergency need caused by one of the following catastrophic situations:
a. Death of a spouse or minor dependent child; or
b. A court ordered eviction; or
c. A natural disaster such as flood, fire or hurricane; or
c. [sic] An emergency medical need.
At the time plaintiffs originally filed for emergency assistance, section 2602 contained two additional catastrophic situations: an emergency need for heating fuel, and the so-called "one time" exception, which allowed any first time AFDC applicant for EA to receive assistance whatever the nature of the emergency. Section 2602, as printed above, became effective on April 1, 1976.

5. The committee understands that the process of determining AFDC eligibility and authorizing payments frequently precludes the meeting of emergency needs when a crisis

occurs. In the event of eviction, or when utilities are turned off, or when an alcoholic parent leaves children without food, immediate action is necessary. It frequently is unavailable under State programs today. . . .

The eligible families involved are those with children under 21 who either are, or have recently been, living with close relatives. The families do not have to be receiving, or eligible upon application to receive, AFDC (although they are generally of the same type), but they must be without any available resources and the payment or service must be necessary in order to meet an immediate need that would not otherwise be met.
S.Rep.No.744, 90th Cong. 1st Sess.; 1967 U.S. Code Cong. and Admin.News pp. 3002–03.

6. Both the Illinois statute in *Mandley* and the Pennsylvania statute in *Williams* restricted emergency assistance to certain catastrophic situations, but those restrictions either applied to AFDC recipients and non-AFDC recipients alike, *Williams*, supra, 540 F.2d at 165, or were part of a statutory framework that made most non-AFDC recipients ineligible for EA in any event, *Mandley*, supra, 523 F.2d at 418. Thus neither statute placed more onerous restrictions on AFDC recipients.

specific eligibility standards, *Baxter v. Minter,* supra, 378 F.Supp. at 1219, but the Vermont classification under attack is the one that narrows the definition of emergency only for AFDC recipients. We do not face here the issue of how freely a state can define what constitutes an emergency for which EA will be paid. That question would be posed if Vermont had limited EA for *all* children to emergencies due to the four causes specified in the Vermont statute. We hold only that AFDC recipients need show no more pressing emergency than those not on AFDC.

The judgment of the district court is, accordingly, affirmed.